UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

COMMONWEALTH OF KENTUCKY, ex rel
CABINET FOR HEALTH AND FAMILY SERVICES
NATASHA L. CARMON                                                                      Plaintiff,

v.                                                                   Civil Action No. 3:23-cv-618-DJH

ROBERT L. ASKEW, JR.,                                                              Defendant.

\* \* \* \* \*

### MEMORANDUM

Defendant Robert L. Askew, Jr., initiated the instant *pro se* action by filing a notice of removal of a case from Jefferson Circuit Court Family Division. On November 28, 2023, the Clerk of Court mailed a Notice (Docket No. 4) to Defendant at his address of record. However, on December 13, 2023, the mailing was returned to the Court by the United States Postal Service marked, "Return to Sender, Not Deliverable as Addressed, Unable to Forward" (DN 5).

Upon filing the instant action, Defendant assumed the responsibility of keeping this Court advised of his current address and of actively litigating his claims. *See* LR 5.3(e) ("All pro se litigants must provide written notice of a change of residential address . . . to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a party fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal.").

Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Defendant apparently no longer resides at his address of record, and he has not advised the Court of a current address. Therefore, neither notices from this Court nor filings by the parties in this action can be served on Defendant. Because Defendant has failed to comply with this Court's Local Rules, the Court concludes that this case must be dismissed for lack of prosecution. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address.").

The Court will enter a separate Order dismissing the notice of removal and remanding the action back to the Jefferson Circuit Court Family Division.

Date: January 17, 2024

David J. Hale, Judge
United States District Court

cc: Defendant, *pro se*
Clerk, Jefferson Circuit Court Family Division (No. 05J507148)
4415.010